## James Maxwell et al., Copartners as Maxwell Bros., v. James Zdarski.

1. QUESTIONS OF FACT—*As to Whether Appliances Are Reasonably Safe.*—It is a question for the jury to determine from the evidence, whether an appliance furnished by an employer for the use of an employe, was or was not reasonably safe for use in the business for which it was intended.

2. SAME—*As to Whether an Employe Was Acting as a Vice-principal.*—The question as to whether an employe was acting as a vice-principal at the time an injury was received by another employe, is a question for the jury to determine from the evidence in the case.

3. VERDICTS—*Duty of the Court, When Against the Weight of the Evidence.*—When it appears from the record, without measuring the credibility of contradicting witnesses, and upon a consideration of evidence which is practically uncontradicted, that a verdict is manifestly against the weight of the evidence, it is the duty of the Appellate Court to reverse the judgment thereon, and in case of a failure to do so the party prejudiced has no means of correcting such error by further proceeding.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 4, 1901. Rehearing denied.

Maxwell v. Zdarski.

**Statement.**—This suit was brought by appellee, who was an employe of appellants, to recover for personal injuries sustained during the employment, and, as it is claimed, through the negligence of appellants. The substance of the allegations of the declaration is that appellants are charged with negligence in furnishing to appellee for his work a machine known as a planer, the construction of which was defective in that there was no such arrangement for shifting the belt by which the planer was run as was necessary to make the machine reasonably safe, and that appellee, in continuing to use the machine in such condition, was relying upon a promise of appellants to improve its condition.

Appellants were engaged in manufacturing, and used in their works, machines known as planers. The planer was run by means of a belt which was turned upon a tight pulley. When it was desired to stop the planer from running, this belt was slipped from the tight pulley onto a loose pulley which was at the side of the tight pulley, and about one half inch distant therefrom. There was evidence tending to show that an appliance called a tightener or shifter was sometimes used on planers, by which the belt could be transferred from the tight to the loose pulley merely by moving a handle or pulling upon a rope. And there was also evidence tending to show that the use of such a tightener or shift was impracticable upon this machine. Appellee testified that he had worked upon this planer when it was thus provided with a devise known as a tightener, and that afterward the planer was transferred to another location and was there not provided with any such appliance, but the belt had then to be shifted from the tight to the loose pulley by hand. This was done by reaching over the moving tight pulley and drawing the belt by use of a stick over onto the loose pulley. After the belt was upon the loose pulley this stick was set upright through a hole in the floor, between the tight pulley and the loose pulley, to keep the belt from slipping back upon the tight pulley and again starting the planer into movement. There was evi-

dence tending to show that appellee was trying to shift the belt from the tight pulley to the loose pulley by means of a stick, when the stick became caught on the revolving belt, and by this means the stick, and after it the arm of appellee, were drawn into the moving machinery and appellee was injured. There was also evidence tending to show that appellee was not shifting the belt when injured, but that he stumbled and fell into the moving machinery. The injury resulted in the loss of appellee's arm. There was evidence to show that one Frank Havorka had, two days before the injury occurred, promised appellee to have the planer fixed, and that this promise followed upon a complaint made to Frank Havorka by appellee as to the condition of the planer. Whether Frank Havorka, to whom the complaint was made and by whom the promise is alleged to have been made, was a vice-principal of appellants, was one of the controverted questions of fact.

The jury found for appellee and assessed his damages at $10,000. Appellee remitted $2,000 from the verdict and judgment was entered thereon for $8,000. From that judgment this appeal is prosecuted.

MEEK, MEEK & COCHRANE, attorneys for appellants.

KING & GROSS, attorneys for appellee; ANDREW J. HIRSCHL, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

The controlling questions presented upon this appeal are, first, whether the evidence shows any negligence of appellants, and second, whether the evidence shows that Frank Havorka, by whom the alleged promise to improve the condition of the planer was made, was a vice-principal of appellants. There is also complaint of errors in procedure and it is urged that the damages are excessive.

The question of negligence of appellants was, upon the evidence presented, a question for the jury. It is true, as urged by counsel, that the appellants were not obliged to

Maxwell v. Zdarski.

provide the best appliances, but only such as should be reasonably safe. If the planer, operated as here, by shifting the belt by means of a stick, was reasonably safe, then it was of no consequence in law that a shifter or tightener was a better and safer device than a stick. But it was for the jury to determine whether the planer, as operated, without the device known as a shifter or tightener, was or was not reasonably safe, and we are of opinion that the trial court properly submitted this question to them. Whether the verdict, finding as it did, that it was not reasonably safe, and that appellants were guilty of negligence in this behalf, is against the manifest weight of the evidence, is another question. There was considerable weight of evidence to the effect that the use of a tightener or shifter was not practicable upon this machine, but against this evidence there was the positive testimony of appellee that he had actually worked for nine weeks upon the machine in question when it was supplied with such a device, and that the device was only removed when the location of the planer was changed. We can not say that the jury might not have found, and with propriety, that this testimony overcame in weight all the evidence as to what could and could not be done. Therefore we are not prepared to hold that the verdict is against the manifest weight of the evidence as to negligence of appellants. If the new location of the machine made it impossible to provide it with such a device, it was still a question for the jury as to whether appellants were negligent in so placing the machine for the use of their employe.

The second question is as to the proof that Frank Havorka, to whom the alleged complaint and by whom the alleged promises to better the condition of the machine were made, was a vice-principal of appellants. The question is controlling, for a preponderance of the evidence indicates that appellee fully understood the condition of the machine and its attendant dangers. The jury, by answer to special interrogatory, found that appellee continued in the employment by reason of relying upon what was said to him by Frank Havorka as to fixing the planer. The

right of recovery in this behalf is based upon the complaint and promise. The evidence is that one Henry Ridd was the foreman over appellee, and that one David Wylie was the master mechanic. There is evidence that Frank Havorka, who was an employe of appellants under Wylie in the machine department, acted as interpreter to speak with and for the employes who did not speak English. There is no evidence that the complaint and promise testified to by appellee were ever communicated to any representative of the employers by Frank Havorka. The latter expressly negatives this, and denies that any complaint was made to him by appellee or any promise by him to appellee. The question is then simply, was Frank Havorka a vice-principal, whose promise to appellee should be held in law to be a promise of the employers. This was a question for the jury, if there was any evidence to warrant them in finding that he was such vice-principal. While we are not prepared to hold that there was no evidence whatever to support the contention of appellee that Havorka was a foreman, yet we are clearly of opinion that a finding to that effect by the jury was against the manifest weight of the evidence. That he was not a foreman is shown by the testimony of Wylie, the master mechanic, and H. B. Maxwell, one of appellants. No one testifies to contradict this testimony, except as appellee and others testify that complaints were made at times to Havorka. That he received such complaints as an interpreter only appears from the clear preponderance of the evidence. We are therefore of opinion that the verdict, depending as it does upon a finding that Frank Havorka was a vice-principal of appellants, is manifestly against the weight of the evidence.

It is complained that the trial court erred in refusing to give instructions numbered 17 and 31, tendered by appellants. Counsel for appellants requested the court to give thirty-one separate instructions, of which the court did give all but six. The 17th instruction is inaccurate, and the court properly refused to give it. If it had not been informal its refusal would still have been proper, for its

substance was embodied in other instructions given. The first part of the 31st instruction consists of an abstract proposition of law, and all the other part of it, so far as applicable to this case, is embodied in substance in the 23d instruction given.

The special interrogatory complained of is not faulty, as set forth in the record, though its form, as given by the abstract, is open to objection. We have no occasion to discuss the evidence as to the amount of the damages, because of the conclusion reached as to the evidence upon the question of liability.

When it appears from the record, without measuring the credibility of contradicting witnesses, and upon a consideration of evidence which is practically uncontradicted, that a verdict is manifestly against the weight of the evidence, it is the duty of this court to reverse a judgment thereon, and if this court shall err by failing in such duty, the party thereby prejudiced in an action at law has no means of correcting such error by further proceeding.

We are of opinion that the verdict here is manifestly against the weight of the evidence. Therefore the judgment is reversed and the cause is remanded.